IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARRY WAYNE SHAW,<br>    Petitioner, | § § § | |
| v. | § | Civil Action No. 4:07-CV-368-Y |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | § § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Barry Wayne Shaw, ID #416155, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of TDCJ.

#### C. FACTUAL AND PROCEDURAL HISTORY

Shaw is serving a sixty-year sentence for his 1986 state conviction for murder in the Criminal District Court Number Two of Tarrant County, Texas. *Ex parte Shaw*, State Habeas Application No.

WR-29,727-03, at 44. He was denied release on parole on September 29, 2004, and his next review was scheduled for September 2007. *Id.* at 23. On November 7, 2005, Shaw initiated an administrative remedy, via an "Informal Resolution Attempt," challenging the denial of parole, and, on October 3, 2006, he filed a state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on November 15, 2006. *Id.*, at cover & 2. Shaw filed this federal petition on June 19, 2007. Quarterman has filed an answer with supporting documentary exhibits, to which Shaw did not reply.

D. ISSUES

Shaw raises one ground for relief, in which he asserts that TDCJ's application of current parole laws and/or guidelines regarding eligibility and the frequency of required periodic reconsideration hearings to his case, as opposed to that in effect at the time of the offense, violates the Ex Post Facto Clause. (Petition at 7; Pet'r Memorandum at 5-27)

E. RULE 5 STATEMENT

Quarterman believes Shaw has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)-(e) but that the petition is untimely. (Resp't Answer at 3-6)

F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created

by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2) (emphasis added).

Under subsection (D), applicable to this case, the limitations period began to run on the date on which Shaw could have discovered, through the exercise of due diligence, the factual predicate of his claim on September 29, 2004, the date parole was denied, and expired one year later on September 29, 2005, absent any applicable tolling. *Ex parte Shaw*, State Habeas Application No. WR-29,727-03, at 23. His state administrative and court remedies, filed after that date, do not toll the one-year limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, his petition, filed on June 19, 2007, is untimely.

## II. RECOMMENDATION

Shaw's petition for writ of habeas corpus should be dismissed with prejudice as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with

3

a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 21, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 21, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE