IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BARRY WAYNE SHAW, §
    Petitioner, §
 §
VS. § CIVIL ACTION NO.4:07-CV-368-Y
 §
NATHANIEL QUARTERMAN, Director, §
T.D.C.J.,Correctional §
Institutions DIV., §
    Respondent. §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS,
DISMISSING PETITION UNDER 28 U.S.C. §2254 and, OPENING NEW CASE
(With special instructions to the clerk of Court)

In this action brought by petitioner Barry Wayne Shaw under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 30, 2008; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 24, 2008.

The Court, after **de novo** review, concludes that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions.

Although petitioner Shaw did not object to the dismissal of his petition, he objected to the magistrate judge's failure to recommend disposition of his citation to claims under 42 U.S.C. § 1983. In certain circumstances where a prisoner has presented a mixed habeas/civil rights complaint, the Court should consider the claims separately.[1] But claims alleging violations of civil rights under 42 U.S.C. § 1983, are now subject to different filing-fee and

---

[1] *See Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995)(citing *Serio v. Members of Louisiana State Bd. Of Pardons,* 821 F.2d 1112, 1119 (5th Cir. 1987).

review requirements under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915A and 1915, et seq. The Court concludes that Shaw's objections must be sustained to the extent that the clerk of Court will be directed to sever such claims for consideration in a separate case.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED. Petitioner Barry Wayne Shaw's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE, and this action is closed.

To the extent Shaw asserts claims under 42 U.S.C. § 1983 and other statutes, such claims are SEVERED into a separate case. The clerk of Court is directed to assign a new civil case number to the severed claims in a separate action characterized as one alleging civil rights violations under 42 U.S.C. § 1983, direct assign that case to the "Y" docket, and docket a copy of this order and the June 22, 2007, initial filing with attachments in the new civil case.[2]

SIGNED August 12, 2008.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[2] Any requirement that Shaw amend that filing or file his civil rights claims on a form complaint, and any requirement regarding the imposition of the filing fee under the PLRA, will be addressed in the new case.